UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Christina Lyn Lowery,

                     Plaintiff,

      v.

Commissioner of Social Security,[1]

                     Defendant.

**Decision and Order**

17-CV-123 HBS
(Consent)

## I. INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c). The Court has reviewed the Certified Administrative Record in this case (Dkt. No. 8, pages hereafter cited in brackets), and familiarity is presumed. This case comes before the Court on cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 21, 24.) In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the "Commissioner") that she was not entitled to Disability Insurance Benefits under Title II, or Supplemental Security Income under Title XVI, of the Social Security Act. The Court has deemed the motions submitted on papers under Rule 78(b).

## II. DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry. We must first decide whether HHS applied the correct legal principles in making the determination. We must then decide whether the determination is supported by substantial evidence." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted). When a district court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by substantial

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

For purposes of Social Security disability insurance benefits, a person is disabled when unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). Such a disability will be found to exist only if an individual's "physical or mental impairment or impairments are of such severity that [he or she] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

Plaintiff bears the initial burden of showing that her impairments prevent her from returning to her previous type of employment. *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). Once this burden has been met, "the burden shifts to the [Commissioner] to prove the existence of alternative substantial gainful work which exists in the national economy and which the plaintiff could perform." *Id.*; *see also Dumas v. Schweiker*, 712 F.2d 1545, 1551 (2d Cir. 1983); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980).

To determine whether any plaintiff is suffering from a disability, the ALJ must employ a five-step inquiry:

(1) whether the plaintiff is currently working;

(2) whether the plaintiff suffers from a severe impairment;

(3) whether the impairment is listed in Appendix 1 of the relevant regulations;

(4) whether the impairment prevents the plaintiff from continuing her past relevant work; and

(5) whether the impairment prevents the plaintiff from continuing her past relevant work; and whether the impairment prevents the plaintiff from doing any kind of work.

20 C.F.R. §§ 404.1520 & 416.920; *Berry*, *supra*, 675 F.2d at 467. If a plaintiff is found to be either disabled or not disabled at any step in this sequential inquiry, the ALJ's review ends. 20 C.F.R. §§ 404.1520(a) & 416.920(a); *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). However, the ALJ has an affirmative duty to develop the record. *Gold v. Secretary*, 463 F.2d 38, 43 (2d Cir. 1972).

To determine whether an admitted impairment prevents a plaintiff from performing her past work, the ALJ is required to review the plaintiff's residual functional capacity and the physical and mental demands of the work that she has done in the past. 20 C.F.R. §§ 404.1520(e) & 416.920(e).

3

The ALJ must then determine the individual's ability to return to her past relevant work given her residual functional capacity. *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994).

Here, Lowery argues that the ALJ did not give appropriate weight to the opinions of a registered physician assistant, Cheryl Kast ("Kast"), while not confirming that he either adopted or rejected the opinions of two physicians, Drs. Ciavarri and Gabel. Lowery applied for Title II benefits on May 31, 2013 and for Title XVI benefits on June 18, 2013. [175, 182]; *see also* 20 C.F.R. §§ 404.614(a) (Title II application deemed filed when received by an agency office), 416.325(a) (same for Title XVI applications). Because Lowery filed her claim before March 27, 2017, Kast does not count as an acceptable medical source under the regulations. *See* 20 C.F.R. §§ 404.1502(a)(8), 416.902(a)(8). "Depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an acceptable medical source or from a nonmedical source may outweigh the medical opinion of an acceptable medical source, including the medical opinion of a treating source." 20 C.F.R. § 404.1527(f)(1); *see also id.* § 416.927(f)(1) (same). Even so, complaints of knee pain and migraine headaches ceased by early 2013, as indicated in Kast's follow-up notes. [*E.g.*, 322, 324, 338.] *Cf. Mahar v. Comm'r*, No. 115CV841DNHDJS, 2016 WL 5019051, at *5 (N.D.N.Y. Aug. 16, 2016) (no disability where the claimant's migraines appeared to be under control), *report and recommendation adopted*, No. 1:15-CV-0841, 2016 WL 4996946 (N.D.N.Y. Sept. 19, 2016); *Petell v. Comm'r*, No. 7:12-CV-1596 LEK/CFH, 2014 WL 1123477, at *6 (N.D.N.Y. Mar. 21, 2014) (same). Complaints of hand pain led to a referral to Dr. Gabel. [328, 336.] The hand pain led to carpal tunnel surgery; by June 2013, Lowery was doing well after the surgery. [352.] Dr. Gabel expected any post-surgical symptoms to resolve in approximately 4-6 months. [420.] *Cf. Terrance v. Colvin*, No. 114CV00708LGFMAT, 2017 WL 3393576, at *2 (W.D.N.Y. Aug. 8, 2017) (no disability based on carpal tunnel syndrome where

4

surgery led to significant improvement in symptoms).  In late 2013, Lowery developed symptoms suggesting right shoulder impingement syndrome, but the treating physician started with conservative treatment and physical therapy, and Lowery's shoulder limitations were expected to resolve within three months.  [425, 464.]  Lowery's complaints of chronic lower back pain could not, via MRI, be traced back to any specific physical origin.  [348 ("There is no evidence of disc herniation or spinal stenosis at any level.  There is no foraminal narrowing.  There are no degenerative disc or facet changes.  There is no abnormal bony signal or subluxation.  The conus appears normal.  There are no soft tissue abnormalities.  Impression: Normal examination.").]  *Cf. Mollo v. Barnhart*, 305 F. Supp. 2d 252, 263 (E.D.N.Y. 2004) (no disability where, *inter alia*, MRI studies for the claimant's back yielded normal results).

Under these circumstances, the ALJ was within his discretion to find that the bulk of the medical record was consistent with a residual functional capacity for light work with additional limitations for lifting and carrying up to 15 pounds and for sitting and standing within a single workday.  [31]; *see also* 20 C.F.R. §§ 404.1567(b), 416.967(b).

### III. CONCLUSION

The Commissioner's final determination was supported by substantial evidence.  For the above reasons and for the reasons stated in the Commissioner's briefing, the Court grants the Commissioner's motion (Dkt. No. 24) and denies plaintiff's cross-motion (Dkt. No. 21).

The Clerk of the Court is directed to close the case.

SO ORDERED.

                                                    __/s Hugh B. Scott_____
                                                      Hon. Hugh B. Scott
                                                      United States Magistrate Judge

DATED: February 13, 2019